■ IRVING L. STEIN, Respondent, v. MARILYN MONROE PRODUCTIONS, INC., Appellant. — In an action by an attorney to recover compensation for services rendered under a written contract of employment, the appeal is from that part of an order which struck out the first and second affirmative defenses from the second amended answer and which dismissed the counterclaim pleaded therein pursuant to subdivisions 5 and 6 of rule 109 of the Rules of Civil Practice. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ JOSEPH TARANTINO, Plaintiff, v. ARTHUR E. BUCK et al., Defendants, and INTERNATIONAL TERMINAL OPERATING CO., INC., Defendant and Third-Party Plaintiff-Respondent. ISTHMIAN LINES, INC., Third-Party Defendant-Appellant. — Appeal by the third-party defendant from an order denying its motion to dismiss the third-party complaint and from an order denying its motion to resettle said order so as to add to the recitals thereof references to the plaintiff's bill of particulars and the answer of defendant Jarka to the complaint. Orders affirmed, with $10 costs and disbursements. We agree with the learned Special Term that, in advance of trial, despite the formal allegations in the pleadings, it cannot be here said with any degree of certainty — assuming that defendant Jarka is adjudged to be liable to the plaintiff — whether such liability will be founded on Jarka's active or passive negligence. Under all the circumstances here, that is, in our opinion, an issue of fact which should be resolved by the triers of the facts on the basis of all the proof adduced at the trial, and not by the court on the basis of the pleadings (*McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 328; *Cosgrove* v. *City Ice & Fuel Co.,* 275 App. Div. 1030, 1031; *Forman* v. *Udell,* 267 App. Div. 823; *Banks* v. *Central Hudson Gas & Elec. Corp.,* 224 F. 2d 631, 634–635). Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., concurs in the affirmance of the order denying the motion to resettle the original order but dissents from the affirmance of the order denying the motion to dismiss the third-party complaint and votes to reverse that order and to grant the motion, with the following memorandum: If a verdict is rendered in favor of the plaintiff against defendant Jarka it will be based on the fact that said defendant was found to be guilty of active negligence. Under those circumstances, the respondent as third-party plaintiff would not be entitled to recover from the appellant even though the appellant was also guilty of active negligence.

## (July 21, 1958)

■ In the Matter of ANONYMOUS (No. 1), Petitioner, against WALTER R. HART, as a Justice of the Supreme Court of the State of New York, Respondent, and GEORGE A. ARKWRIGHT, as a Justice of the Supreme Court of the State of New York, et al., Intervenors. — Petition dismissed, with $50 costs and disbursements. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Judicial Inquiry Pursuant to the Order of the Appellate Division of the Supreme Court of the State of New York for the Second Department. ANONYMOUS (No. 3), Petitioners; DENIS M. HURLEY, Respondent. — Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.